IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FREDDIE L. WILLIAMS,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 23-3190-JWL

**JARED JOHNSTONE, ET AL.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Freddie L. Williams, who is currently being held at the Wyandotte County Detention Center in Kansas City, Kansas, filed this pro se 42 U.S.C. § 1983 action (Docs. 1 and 2) against Officer Jared Johnstone of the Kansas City, Kansas Police Department and his unnamed supervisor, alleging false arrest, false imprisonment, and obstruction of justice. (Doc. 2, p. 1-4.) He seeks damages of $350,000.00. *Id.* at 5.

Plaintiff has filed a poverty affidavit (Doc. 3) but has not filed a motion to proceed without prepayment of fees—or in forma pauperis—on the required court-approved forms, nor has he paid the statutorily required filing fee. The Court notes, however, that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Thus, he may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S. C. § 1915(g).

---

[1] Prior to filing the instant complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Williams v. Roehler*, Case No. 19-3002-SAC (D. Kan. Jan .10, 2019) (unpublished) (dismissed for failure to state a claim); *Williams v. Schneider, et al.*, Case No. 18-3299-SAC (D. Kan. Jan. 10, 2019)

"To satisfy § 1915(g), a prisoner must present "specific, credible allegations of imminent danger of serious physical harm."" *Johnson v. Little*, 852 Fed. Appx 369, 371 (10th Cir. 2021) (unpublished) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (internal quotation marks omitted)). The Court has carefully considered the documents filed in this matter and finds no such specific allegations. There is nothing in the complaint that shows that Plaintiff is in imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00[2] district court filing fee to the Court. If the full filing fee is not paid within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until and including September 11, 2023, to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated on this 10th day of August, 2023, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

(unpublished) (dismissed for failure to state a claim); *Williams v. Roehler*, Case No. 18-3024-SAC (D. Kan. March 6, 2018) (unpublished) (dismissed for failure to state a claim).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.